GERHARD & HEY CO., INC. (ART BOOK PUBLICATIONS, INC.)
v. UNITED STATES

**No. 6081.**—Invoices dated London, England, November 15, 1939, etc.
Certified November 22, 1939, etc.
Entered at New York, N. Y., December 16, 1939, etc.
Entry No. 50291, etc.

(Decided on rehearing (Reap. Dec. 5875) January 2, 1945)

*Daniel P. McDonald* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, involve the valuation of books printed in the English language and are now before me for determination on rehearing.

In my original decision (Reap. Dec. 5875), based upon a very complex record, due in large part to the testimony of Gloeckner, one of plaintiff's witnesses, and his difficulties with the English language, I held that no statutory foreign, export, or United States values existed for the involved merchandise; that the proper basis for the valuation thereof was cost of production; and that such costs of production, for the items of merchandise enumerated in schedule B, attached to my original decision, were as stated in said schedule B, and that as to all other merchandise the appeals be dismissed.

A timely motion for rehearing was filed by counsel for the defendant and upon reconsideration of the record I was of the opinion that the testimony of said witness was so confusing that it could not be reconciled to the extent of giving it sufficient probation to establish the costs of production, which I was convinced was the proper basis for the valuation of the involved merchandise. I was further of the opinion that the evidence of record was not sufficiently detailed to connect up all of the items of merchandise covered by the invoices. I therefore ordered that the decision and judgment heretofore ren-

dered be vacated and set aside, and restored the case to the docket for further hearing (Reap. Dec. 5942).

On the rehearing, counsel for the plaintiff recalled the said witness Gloeckner, and again interrogated him in English in an effort to clarify or explain some of his previous testimony.

After a detailed analysis of the entire record herein, I am of the opinion that the confusion still exists unreconciled and that the record contains no evidence of sufficient probation to establish the costs of production of the involved merchandise.

All of these appeals for reappraisement involve merchandise exported subsequent to the effective date of the Customs Administrative Act of 1938, and following the decision of the Court of Customs and Patent Appeals in *United States* v. *Joseph Fischer et al.*, 32 C. C. P. A. 62, C. A. D. 286, it seems more proper to find values for the involved merchandise rather than to dismiss the appeals.

Accordingly, I find the proper values for the involved merchandise to be the values returned by the appraiser.

Judgment will be rendered accordingly.